State *v.* Godwin.

## THE STATE *v.* J. R. GODWIN.

JUROR. *When exempt.* A party who has regularly served as juror during a term of the circuit court of Shelby county, cannot be compelled to serve another term within twelve months (or the time prescribed by statute), in the criminal court of the city and county.

### FROM SHELBY.

Appeal in error from the Criminal Court of Shelby county. J. M. GREER, J.

ATTORNEY-GENERAL LEA for the State.

GEORGE GANTT for Godwin.

FREEMAN, J., delivered the opinion of the court.

This case presents only one question for decision,

that is, whether a party who has regularly served during a term of the circuit court of Shelby county, can be compelled to serve another term within twelve months, or the time prescribed by statute, in the criminal court of the city and county.

It appears that the parties who are desired as jurors are summoned in the criminal court of Shelby county by a writ issued by the judge of that court. We have not the law before us, but is done in pursuance of proper authority.

For the circuit court, ch. 5, of Code, sec. 3981, the county court of each county is required at the first session after each term of the circuit court, to designate twenty-five good and lawful men to serve as jurymen at the next succeeding court. This act was amended by act of 1883, so as to provide that this shall be done by the county court at its quarterly term next preceding each term of the circuit court, provided that no person shall be summoned who has served on a venire for a period of two succeding years.

These sections serve to show the policy of the Legislature on this question. By section 3998, "no court shall appoint any person to serve as a juror more than one time in each period of twelve months, either on the original panel or to fill a vacancy therein." This is in the chapter entitled, "Of Jurors and Juries," and while the provisions refer generally to the county court, because the practice was then to summon by the agency of that court alone, no reason is seen why this general provision should not control other courts.

when the power is confided to them by statute passed afterwards. By section 3989, it is provided "and should any juror in violation of the above provisions be appointed, the court shall discharge him, and appoint a juror in his stead free from exception. The result is, that the juror was entitled in this case to exemption under the provisions cited, and was entitled on his request to be discharged, and the court erred in inflicting the fine of $25.

The judgment will be reversed and the defendant discharged, with costs.